1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

10  PAUL MITCHELL,

11        Plaintiff,                          3:07-cv-00627-LRH-RAM

12  vs.

13                                            <u>ORDER</u>

14  BOARD OF PAROLE COMMISSIONER
    DARLA SALLING, *et al.*,

15        Defendants.

16

17        This removed prisoner civil rights action, in which plaintiff is represented by counsel, comes

18  before the Court on the removing defendants' motion (#2) for screening under 28 U.S.C. § 1915A.[1]

19        Pursuant to the Prison Litigation Reform Act of 1995 (PLRA), when a "prisoner seeks redress

20  from a governmental entity or officer or employee of a governmental entity," the Court must "identify

21  cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is

22  frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary

23  relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the

24

25        [1]Section 1915A does not expressly differentiate between represented and unrepresented prisoner cases with
26  regard to screening. This Court nonetheless typically does not screen counseled Section 1983 prisoner cases. For one
    thing, the pleading obligations of an attorney under Federal Rule of Civil Procedure 11 tend to substantially reduce the
27  incidence of claims that are frivolous or otherwise patently noncognizable on their face. The state court complaint in
    this matter, however, was filed initially *pro se,* and the supplement later filed by appointed counsel in the state court (#1,
28  Ex. D) did not constitute an actual amended complaint.

1   Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon

2   which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.

3   *North Star Intern. v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983).  In considering whether

4   the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint

5   are accepted as true and are to be construed in the light most favorable to the plaintiff.  *Russell v.*

6   *Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).  Allegations of a *pro se* complainant are held to less

7   stringent standards than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520

8   (1972)(per curiam).

9        At the outset, the Court notes that any claim to Eleventh Amendment state sovereign immunity

10   by the removing defendants, including as to official capacity claims against the state officers, was

11   waived by the removal.  *See Lapides v. Board of Regents of University System of Georgia*, 535 U.S.

12   613, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002).  The Eleventh Amendment therefore does not limit the

13   Court's jurisdiction as to the claims brought against them.  However, to the extent that a plaintiff brings

14   claims for monetary relief against individual state officers in their official capacity, the state officers

15   are not "persons" subject to suit under Section 1983.  *E.g., Wolfe v. Strankman*, 392 F.3d 358, 364-65

16   (9th Cir. 2004).  Any federal claims solely for monetary damages under Section 1983 against individual

17   defendants in their official capacity, if otherwise viable, thus would be subject to dismissal.  The

18   complaint in the present matter seeks injunctive relief in addition to monetary damages, however, and

19   the official capacity claims asserted therefore are not subject to dismissal on the face of the complaint.[2]

20        Plaintiff brings a number of federal and state claims against the defendant Commissioners of

21   the Nevada Board of Parole Commissioners in connection with a May 7, 2007, denial of his parole.  He

22   requests the following relief:

23        To be taken back before the Board of Parole and given parole, and be
     released upon [an] approved parole plan.

24

25

26   [2]The matter was removed and docketed as if the plaintiff sued the Nevada Board of Parole Commissioners
     separate and apart from the individual commissioners.  It is subject to question from a reading of the complaint whether
27   plaintiff named the Board as a defendant separate and apart from the individual commissioners named.  In any event,
     any claim of Eleventh Amendment state sovereign immunity by the Board, as an arm of the State, was waived when it
28   removed the action along with the other named defendants.  *Lapides, supra.*

1          To be given a valid/legitimate reason for denial of said parole.

2          To be awarded compensatory and punitive damages . . .  and to be free
           of retaliation and permanent injunction.
3

4    #7, Ex. B, at 10.

5          In Count I, plaintiff alleges that he was denied due process when he was denied parole on May

6    7, 2007, because he allegedly had a legitimate expectation that he would be granted parole that date

7    based upon the factual record presented to the parole board.

8          In Count II, plaintiff alleges that he was denied, *inter alia*, due process and equal protection

9    because illegal aliens are being given parole under a special release program and sexual offenders and

10   repeat offenders also are being given parole while he is not.  He alleges further that he is being

11   discriminated against because his victim was white and he is black but not an illegal alien or sexual

12   offender.

13         In Count III, plaintiff alleges that the parole board is violating the State's open meetings law.

14         In Count IV, plaintiff alleges that he was denied parole in retaliation for his having filed prison

15   grievances and an earlier civil rights complaint.

16         The claims presented in the complaint are for the most part not cognizable in a civil rights action

17   under Section 1983.  Claims seeking to set aside a past denial of parole, to obtain release on parole,

18   and/or to obtain damages flowing from an allegedly unconstitutional denial of parole are not cognizable

19   under Section 1983.  *See Wilkinson v. Dotson*, 544 U.S. 74, 78-82, 125 S.Ct. at 1242, 1245-48, 161

20   L.Ed.2d 253 (2005); *Bogovich v. Sandoval*, 189 F.3d 999, 1003-04 (9th Cir. 1999); *Butterfield v. Bail*,

21   120 F.3d 1023, 1024-25 (9th Cir. 1997).  The inmate's remedies, if any, as to such claims instead are

22   found in habeas corpus rather than Section 1983.  *Id.*  On the other hand, claims that instead seek only

23   prospective relief regarding either the timing of, or the procedures or standards for, future parole

24   proceedings -- and that do not seek to overturn a particular denial of parole -- are cognizable under

25   Section 1983.  *See Wilkinson*, 544 U.S. at 82, 125 S.Ct. at 1248; *Bogovich*, 189 F.3d at 1003-04.[3]

26   _____

27         [3]Noncognizable claims potentially could become cognizable if plaintiff obtained an order, though an
     appropriate remedy, overturning an allegedly unconstitutional parole denial decision.  Plaintiff's counsel posited in the

28                                                                              (continued...)

                                              -3-

1    Under these standards, Count I clearly challenges a past denial of parole and is not cognizable

2    under Section 1983.

3    Counts II, III and IV similarly are not cognizable to the extent that those claims are directed to

4    the past parole denial and to the extent that plaintiff seeks to set aside the parole denial, obtain release,

5    and recover damages for the parole denial based upon the allegations of Counts II, III and IV. These

6    counts potentially present cognizable claims, however, to the extent directed solely to prospective relief

7    regarding future parole proceedings. Plaintiff accordingly will be given an opportunity to file an

8    amended complaint seeking only prospective injunctive and declaratory relief based upon claims

9    directed solely to the standards and procedures to be applied in future parole proceedings.

10    IT THEREFORE IS ORDERED that defendants' motion (#2) for screening is GRANTED as

11    further set forth herein.

12    IT FURTHER IS ORDERED that, within thirty (30) days of entry of this order, plaintiff, through

13    counsel, shall file an amended complaint correcting the deficiencies identified in this order.

14    IT FURTHER IS ORDERED that the defendants shall file a response to the amended complaint

15    within twenty (20) days of mail service of the amended complaint upon counsel. The Court will not

16    conduct any further screening herein, and the matter shall be litigated hereafter in the same manner as

17    any other removed civil action.

18    DATED this 11th day of April, 2008.

19

20

21    _____

22    LARRY R. HICKS
      UNITED STATES DISTRICT JUDGE

23

24

25

26    ³(...continued)
      supplement filed in the state court (#1, Ex. D) that the action brought there might proceed forward as a habeas petition.

27    If plaintiff wishes to proceed in habeas, he will have to file a habeas petition in a separate action, subject to whatever
      exhaustion and other defenses are applicable to that action. This civil rights action will not be converted into a habeas

28    action, and the Court further will not proceed with this matter as some sort of combined civil rights/habeas action.